**Richard Max STRAHAN, Plaintiff,**

v.

**Daniel HOLMES, Defendant.**

**Civil Action No. 07–10359–NMG.**

United States District Court,
D. Massachusetts.

Sept. 20, 2007.

Richard Max Strahan, Boston, MA, Pro se.

Steven S. Broadley, Posternak, Blankstein & Lund, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Conservationist and *pro se* plaintiff, Richard Max Strahan ("Strahan"), has

brought suit against an individual lobster fisherman for violation of the Endangered Species Act ("ESA"), 16 U.S.C. § 1538 *et seq.* Several motions are pending, including plaintiff's motion for judgment on the pleadings and defendant's motion to stay the proceedings, which are resolved as follows.

## I. *Background*

The plaintiff, Richard Max Strahan ("Strahan"), filed a complaint against defendant Daniel Holmes ("Holmes") on February 23, 2007. The complaint alleges that on or about August 2, 2006, Holmes, a licensed lobster fisherman, caused the entanglement of an endangered humpback whale in lobster gear in violation of the ESA.

The instant action arises from a ruling issued by this Court in a related case. *See Strahan v. Pritchard et al.,* Civil Action No. 05–cv–10140 *("Pritchard")*. In that case, Strahan had obtained several documents from the National Oceanographic and Atmospheric Agency ("NOAA") regarding a whale entanglement occurring on August 2, 2006. The documents, however, were redacted with respect to information that would identify the owner of the fishing gear involved in the entanglement. The plaintiff filed a motion to compel production of unredacted copies of those documents. The Court allowed plaintiff's motion and ordered NOAA to provide the plaintiff with the name and contact information of the subject commercial fisherman. Having obtained his name, Strahan has now sued that commercial fisherman.

The plaintiff sought and was granted leave to file an amended complaint, which he did on May 23, 2007. The amended complaint states three counts for relief. Counts I and II allege violations of Section 9 of the so-called "take" provisions of the ESA, which make it unlawful to "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect" any endangered species. Count III is a tort claim alleging public nuisance. The complaint seeks declaratory judgment against the defendant, an injunction enjoining him from engaging in any lobster pot fishing in the future and compensatory and punitive damages in the amounts of $100,000 and $1,000,000, respectively.

The defendant has answered the amended complaint by denying liability under the ESA and raising several affirmative defenses, including that the claim for punitive damages is without basis in law and that the plaintiff lacks standing to assert a claim for money damages against Holmes.

This case was originally assigned to Judge Stearns of this Court. The plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction in February, 2007. Judge Stearns denied the TRO and ordered the case transferred to this session as a related case. On April 1, 2007, Strahan filed a motion to vacate the order reassigning the case to this session.

The Court conducted a scheduling conference on Thursday, May 31, 2007. The Court took the motion to vacate under advisement but informed the parties that it would rule on that motion by July 1, 2007, and stayed discovery until that date. On July 5, 2007, a few days after its self-imposed deadline, the Court entered a Memorandum & Order denying Strahan's motion to vacate the order of reassignment and denying his motion for a preliminary injunction without prejudice.

In the intervening period, the defendant has filed a motion to stay proceedings and the plaintiff has filed a motion for judgment on the pleadings. In its M & O dated July 5, 2007, the Court noted that

such motions had been filed but took them under advisement because the motion for declaratory judgment was not yet ripe for resolution. The parties have since filed several additional motions which will be dealt with here.

## II. *Pending Motions*

### A. Motion to Stay (Docket No. 26)

The defendant has filed a motion to stay this action and to conduct all further proceedings in accordance with the schedule set forth in the related *Pritchard* matter, Civil Action No. 05–10140–NMG. In *Pritchard*, the Court imposed a stay *sua sponte* and required the parties to submit periodic joint status reports in which the Court is to be informed of any whale entanglements that occur in Massachusetts waters, any developments in the state regulatory scheme and any other material change in circumstances. The first reporting deadline is October 1, 2007.

In his motion to stay, the defendant appeals to the Court's equitable jurisdiction over its docket. While the *Pritchard* case and the instant action are related, they involve distinct issues. In *Pritchard*, the issue was whether Massachusetts regulatory bodies are liable for whale entanglements occurring in Massachusetts coastal waters as a result of state-licensed fishing gear. In the instant action, the issue is whether an individual fisherman has violated the ESA by causing the entanglement of a whale in his lobstering gear. The ESA makes it unlawful for any person or entity to "take" any endangered creature.

■ The Court concludes that the best course of action is to deny the defendant's motion to stay, to permit the parties to engage in further discovery and to entertain dispositive motions in the future. While there would be a clear benefit to the

defendant to stay this action for consideration alongside the *Pritchard* case, the issues involved are legally and factually distinct and Mr. Strahan will be permitted to pursue claims against an individual lobsterman that are colorable under the ESA.

### B. Motion for Judgment on the Pleadings (Docket No. 29)

Strahan has moved for judgment on the pleadings, wherein he requests that this Court enter judgment in his favor on the basis of the allegations in his complaint and admissions made by the defendant in his answer. Indeed, the defendant admits that he is the owner of certain lobster gear that was found on an entangled whale and that he continues to engage in lobster fishing.

■ The defendant denies, however, that there was any actual harm to the whale that would constitute a "taking" within the meaning of the ESA and denies that his continued fishing poses any ongoing, imminent threat to whales. Judgment for the plaintiff would certainly be inappropriate and premature at this stage of the proceedings and the motion will be denied.

### C. First Motion for Reconsideration of Plaintiff's Motion for a Preliminary Injunction (Docket No. 32)

The plaintiff has filed a motion for reconsideration of the denial of his motion for preliminary injunction on July 5, 2007. But Strahan raises no new arguments in his motion to reconsider. In denying his original motion, the Court specifically stated that it would entertain a renewed motion for preliminary injunction only after discovery had been taken. The motion to reconsider will, therefore, be denied.

**D. Defendant's Motion for Clarification of Discovery Obligations (Docket No. 35)**

On August 21, 2007, the defendant filed a motion for clarification of his discovery obligations. Because the Court had not ruled on the defendant's motion to stay, the defendant has been resisting compliance with the plaintiff's discovery requests. Specifically, the defendant has not responded to written discovery requests or made himself available for deposition by Strahan. Discovery is to commence and the defendant shall comply with applicable discovery rules and the scheduling order in this case. The Court will, however, enforce tight restrictions on the scope of discovery to avoid any harassment or undue expense to the defendant arising out of such discovery.

**E. Plaintiff's Motion to Compel (Docket Nos. 36)**

Strahan has filed several motions to compel discovery. In the first (Docket No. 36), he moves to compel compliance with a subpoena he served on a third party, the Town of Eastham and Sheila Van Der Hoef, in her official capacity as Town Administrator (collectively, "Eastham"). In that subpoena Strahan seeks production of documents relating to the entanglements of whales and sea turtles in fishing gear but has received no response from Eastham as of the date of filing the motion. The subpoena places a strange emphasis on sea turtles considering the fact that the defendant is not alleged to have harmed any turtles.

To the extent Strahan seeks information pertaining to the alleged entanglement of a humpback whale by the defendant on August 2, 2006, which is the conduct giving rise to the complaint, the motion will be allowed. The amended complaint in this case, however, does not specifically allege that the defendant has ever caused the entanglement of sea turtles or whales on any other date and the motion will otherwise be denied.

Earlier this month, the plaintiff filed two additional motions to compel compliance with third-party subpoenas which the Court will take under advisement.

**ORDER**

In accordance with the foregoing, the Court rules as follows:

1) the defendant's Motion to Stay (Docket No. 26) is **DENIED;**

2) the plaintiff's Motion for Judgment on the Pleadings (Docket No. 29) is **DENIED WITHOUT PREJUDICE;**

3) the plaintiff's First Motion for Reconsideration of Plaintiff's Motion for a Preliminary Injunction (Docket No. 32) is **DENIED;**

4) Defendant's Motion for Clarification of Discovery Obligations (Docket No. 35) is **ALLOWED** and the parties are instructed that discovery shall commence immediately but shall be limited to issues relating to the alleged entanglement on August 2, 2006;

5) the plaintiff's Motion to Compel (Docket No. 36) is, to the extent it seeks information relating to the humpback whale entanglement on August 2, 2006, **ALLOWED** but is otherwise **DENIED.**

**So ordered.**